**IN THE COURT OF APPEALS OF IOWA**

No. 18-1975
Filed February 6, 2019

**IN THE INTEREST OF H.L., J.L., and M.L.,**
**Minor Children,**

**N.L., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Wapello County, William Owens, Associate Juvenile Judge.

A mother appeals the termination of her parental rights in her children. **AFFIRMED.**

William C. Glass, Keosauqua, for appellant mother.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Samuel K. Erhardt of Erhardt & Erhardt, Ottumwa, guardian ad litem for minor children.

Considered by Vogel, C.J., and Vaitheswaran and McDonald, JJ.

**McDONALD, Judge.**

The juvenile court terminated Nicole's rights in her children, H.L., J.L., and M.L. pursuant to Iowa Code section 232.116(1)(f) (2018). In this appeal, Nicole claims termination of her parental rights is not in the best interest of the children and the juvenile court should have granted her an additional six months' time to seek reunification with the children.

We review termination-of-parental-rights proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014); *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). However, "[w]e give weight to the findings of the juvenile court, particularly with respect to the credibility of witnesses." *In re B.N.*, No. 00-0220, 2001 WL 57987, at *1 (Iowa Ct. App. Jan. 24, 2001); *accord D.W.*, 791 N.W.2d at 706. The statutory framework authorizing the termination of a parent-child relationship is well established and need not be set forth in full herein. *See In re A.S.*, 906 N.W.2d 467, 472-73 (Iowa 2018) (setting forth the statutory framework).

By way of background, the Iowa Department of Human Services (IDHS) became involved with this family in July 2013 due to concerns regarding the lack of supervision of the children. The family again came to the attention of IDHS in August 2014 due to Nicole's use of methamphetamine. In the four ensuing years, Nicole failed to successfully address her substance abuse. She was unsuccessfully discharged from treatment programs a number of times and relapsed on multiple occasions. In June of 2017, Nicole pleaded guilty to conspiracy to manufacture methamphetamine. Nicole was granted a deferred judgment and placed on probation. She violated multiple terms and conditions of her probation, including the failure to engage in substance-abuse treatment.

Nicole's history of substance abuse and failure to seek treatment militates in favor of termination. *See In re K.H.*, No. 03-0671, 2003 WL 21459582, at *4 (Iowa Ct. App. June 25, 2003) ("The termination of Joe's parental rights was based on his inability to . . . fully address his chemical dependency issues."); *In re E.C.*, No. 02-0421, 2002 WL 987987, at *1 (Iowa Ct. App. May 15, 2002) (finding mother's methamphetamine addiction supported the conclusion that termination was in the child's best interest); *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998) (concluding mother's substance abuse supported termination of her parental rights).

Nicole also failed to receive recommended mental-health evaluations and treatment. *See In re A.W.*, No. 18-1106, 2018 WL 4361086, at *4 (Iowa Ct. App. Sept. 12, 2018) (affirming termination when father did not seek treatment "[d]espite the offer of services to address his substance-abuse and mental-health issues"). *In re T.H.*, No. 17-1558, 2017 WL 6520731, at *2 (Iowa Ct. App. Dec. 20, 2017) (terminating parental rights when mother "did not address her mental-health conditions").

Interrelated with her substance abuse and mental-health conditions, Nicole failed to obtain stable employment or housing. *See In re K.H.*, No. 16-0113, 2016 WL 1703095, at *2 (Iowa Ct. App. Apr. 27, 2016) (affirming termination of parental rights where "the father was unable [to] maintain safe and stable housing"); *In re J.T.*, No. 14-0967, 2014 WL 4635527, at *2 (Iowa Ct. App. Sept. 17, 2014) (affirming termination of parental rights where "[a]t the time of the termination hearing, the mother did not have stable housing"); *In re R.C.*, No. 03-1134, 2003 WL 22092677, at *2 (Iowa Ct. App. Sept. 10, 2003) (affirming termination of

parental rights where father had "a history of unstable housing and employment"). She has held a variety of jobs, but she has only maintained them for short periods of time. She has lived in a number of residences. The IDHS worker assigned to Nicole's case testified that Nicole's current home is not suitable for the children.

With these circumstances in mind, we address Nicole's claim the termination of her parental rights is not in the best interest of her children. Specifically, Nicole contends termination of her parental rights is not in the best interest of the children because it would result in the separation of the siblings from each other. In determining the best interest of the children, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition[s] and needs of the child[ren]." Iowa Code § 232.116(2).

As a general rule, "siblings should be kept together when possible." *In re N.V.*, Nos. 1999-432, 9-685, 98-1487, 1999 WL 1255724, at *3 (Iowa Ct. App. Dec. 27, 1999). "However, the paramount concern in [termination-of-parental-rights] cases must be the child[ren]'s best interests." *In re T.J.O.*, 527 N.W.2d 417, 420 (Iowa Ct. App. 1994). Here, the best interest of the children supports the termination of parental rights even if the termination of Nicole's parental rights results in the legal separation of the children. The family has been involved with services for a lengthy period of time, but Nicole's visits with the children remain fully supervised. *See In re M.C.*, No. 18-0875, 2018 WL 6418760, at *4 (Iowa Ct. App. Dec. 5, 2018) (finding parents' failure to progress beyond fully-supervised visits supported a finding that termination was in the children's best interest); *In re B.L.-F.*, No. 11-0558, 2011 WL 4953038, at *1 (Iowa Ct. App. Oct. 19, 2011)

(affirming termination of father's rights when he "never managed to progress to semi-supervised or unsupervised visitation").

Nicole also argues termination is not in the children's best interest because the juvenile court had the option of establishing a guardianship for the children instead of terminating her parental rights. Nicole does not identify who should be appointed guardian over the children. Regardless, "a guardianship is not a legally preferable alternative to termination." *A.S.*, 906 N.W.2d at 477 (quoting *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017)); *accord In re S.R.*, No. 03-1063, 2003 WL 22197800, at *2 (Iowa Ct. App. Sept. 24, 2003) (finding that termination of parental rights more readily achieves permanency than guardianship); *In re S.B.*, No. 03-0289, 2003 WL 1970757, at *3 (Iowa Ct. App. Apr. 30, 2003) (same). This case has been pending for four years with scant evidence of any progress. These children are entitled to a permanent resolution, and guardianship does not provide one. We affirm the juvenile court's finding that termination of the mother's parental rights is in the children's best interest.

We next address Nicole's claim the juvenile court should have granted Nicole an additional six months to work toward reunification. The juvenile court may defer termination if the court "determin[es] that the need for removal of the child[ren] from the child[ren]'s home will no longer exist at the end of [an] additional six-month period." Iowa Code § 232.104(2)(b).

Nicole has failed to make any notable progress in the past four years. We find no evidence that Nicole will be able to achieve reunification in six months. Nicole does not have a stable job, appropriate housing, or transportation. She has not addressed her substance abuse or mental-health conditions. A parent's past

conduct can provide insight into his or her future conduct. *See In re C.W.*, 554 N.W.2d 279, 283 (Iowa Ct. App. 1996). We affirm the district court's denial of an additional six months to work toward reunification.

For the above-stated reasons, we affirm the termination of Nicole's parental rights.

**AFFIRMED.**